STATE v. GEORGE F. DORSETT

AND

STATE v. LARRY FRANKLIN DORSETT

AND

STATE v. TOMMY YOW.

(Filed 13 December, 1967)

**1. Appeal and Error § 3—**

The Supreme Court will not pass upon a constitutional question when such question was not raised and was not passed upon in the court below.

**2. Indictment and Warrant § 9—**

In a criminal prosecution for a statutory offense, including the violation of a municipal ordinance, the warrant or indictment is sufficient if it follows the language of the statute or ordinance and thereby charges each essential element of the offense in a plain, intelligible, and explicit manner; however, if the words of the statute or ordinance fail to set forth every essential element of the offense, they must be supplemented by allegations which charge the offense plainly, intelligibly and explicitly.

**3. Same—**

The purpose of a warrant or indictment is to give defendant notice of the charge against him to the end that he may prepare his defense and be in a position to plead former acquittal or former conviction in the event he is again brought to trial for the same offense, and to enable the court to know what judgment to pronounce in case of conviction.

**4. Same; Municipal Corporations § 27— Warrants held to charge violation of ordinances against disturbing the peace with noise.**

Separate warrants against defendants set forth the municipal ordinance proscribing the creation of loud and unnecessary noise of such intensity as to constitute a wilful disturbance of the peace, including the creation of any unreasonably loud or unnecessary noise by any device such as a motorcycle, and each warrant charged defendants, respectively, with creating a loud and unnecessary noise of such intensity as to constitute a wilful disturbance of the peace by use of a motorcycle on a specified date at a specified place on a street of the municipality. *Held:* Allegations in respect of time, place and circumstances are sufficient to describe and identify a specific offense, and it was error for the court to quash the warrants on the ground that each warrant failed to allege a violation of the ordinance in question.

APPEAL by the State of North Carolina from *Crissman, J.,* August 28, 1967 Criminal Session of GUILFORD.

Separate warrants were issued by the Municipal-County Court of Guilford County, Criminal Division, for the arrest of George F. Dorsett, Larry Franklin Dorsett and Tommy Yow. Each charges the defendant named therein, on June 8, 1967, "did unlawfully and wilfully disturb the peace by the use of a motorcycle in such a manner as to create loud and unnecessary noise, in the 1700 and 1800

blocks of Trogdon Street, Greensboro, North Carolina, in violation of Greensboro Code of Ordinances, Section 13-12(b) (4)," etc.

In each case, the said Municipal-County Court adjudged the defendant guilty and pronounced judgment and defendant appealed. When the cases were called in the superior court, each defendant moved to quash the warrant "on the grounds (1) that the City Ordinance under which the defendants were being prosecuted was unconstitutional for vagueness and (2) that the warrants in question failed to allege a violation of the City Ordinance." The court allowed each defendant's motion to quash.

The agreed statement of case on appeal contains the following: "After hearing the arguments of counsel for the defendants and arguments of the Solicitor for the State, the Court, although declining to rule that the ordinance in question was or was not unconstitutional for vagueness, allowed the motions to quash on the ground that each warrant failed to allege a violation of the ordinance in question."

The State of North Carolina in apt time excepted to each of the court's rulings and gave notice of appeal. The three cases, all involving the same legal question, are before us in one consolidated record.

*Atorney General Bruton and Staff Attorney Vanore for the State.*
*Jordan, Wright, Henson & Nichols for defendant appellees.*

BOBBITT, J.  Section 13-12 of the Greensboro Code of Ordinances provides:

"(a)  Subject to the provisions of this section, the creation of any unreasonably loud, disturbing and unnecessary noise in the city is prohibited. Noise of such character, intensity, and duration as to be detrimental to the life or health of any individual is prohibited.

"(b)  The following acts, among others, are declared to be loud, disturbing and unnecessary noises in violation of this section, but said enumeration shall not be deemed to be exclusive, namely:

(1)  Blowing horns. The sounding of any horn or signal device on any automobile, motorcycle, bus, or other vehicle, except as a danger signal, so as to create any unreasonable loud or harsh sound, or the sounding of such device for an unnecessary and unreasonable period of time.

(2)  Radios, phonographs, etc. The playing of any radio, phonograph or any musical instrument in such manner or with such volume, particularly during hours between eleven o'clock p.m. and seven o'clock a.m. as to annoy or disturb the quiet,

comfort, or repose of any person in any dwelling, hotel, or other type of residence.

(3) Pets. The keeping of any animal or bird, which, by causing frequent or long continued noise, shall disturb the comfort and repose of any person in the vicinity.

(4) Use of vehicle. The use of any automobile, motorcycle, or vehicle so out of repair, so loaded, or in such manner as to create loud or unnecessary grating, grinding, rattling or other noise.

(5) Blowing whistles. The blowing of any steam whistle attached to any stationary boiler, except to give notice of the time to begin or stop work or as a warning of danger."

The warrants, in compliance with G.S. 160-272, sufficiently plead the Greensboro Ordinance on which the criminal prosecutions are based.

In the superior court, defendants asserted, as one of the grounds for their motions to quash the warrants, that the ordinance "was unconstitutional for vagueness." However, Judge Crissman expressly declined to rule on this question. Nor has this question been discussed in the briefs or on oral argument in connection with the present appeal. Under these circumstances, "in conformity with the well established rule of appellate courts, we will not pass upon a constitutional question unless it affirmatively appears that such question was raised *and passed upon* in the court below." (Our italics.) *State v. Jones,* 242 N.C. 563, 89 S.E. 2d 129.

The single question before us on this appeal is whether the court erred in quashing the warrants "on the ground that each warrant failed to allege a violation of the ordinance in question."

In a criminal prosecution for a statutory offense, including the violation of a municipal ordinance, the warrant or indictment is sufficient if and when it follows the language of the statute or ordinance and *thereby charges* the essentials of the offense "in a plain, intelligible, and explicit manner." G.S. 15-153; *State v. Eason,* 242 N.C. 59, 86 S.E. 2d 774; *State v. Sossamon,* 259 N.C. 374, 130 S.E. 2d 638. If the words of the statute fail to do this they "must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged." *State v. Cox,* 244 N.C. 57, 60, 92 S.E. 2d 413, 415, and cases cited.

The purpose of the warrant or indictment "is (1) to give the defendant notice of the charge against him to the end that he may

prepare his defense and to be in a position to plead former acquittal or former conviction in the event he is again brought to trial for the same offense; (2) to enable the court to know what judgment to pronounce in case of conviction." *State v. Burton,* 243 N.C. 277, 90 S.E. 2d 390.

The declared purpose of the ordinance is to prohibit within the city limits of Greensboro "any unreasonably loud, disturbing and unnecessary noise." Here, each warrant charges the defendant named therein with creating a loud and unnecessary noise of such intensity as to constitute a wilful disturbance of the peace; that he did so by the use of a motorcycle; that he did so on June 8, 1967; and that this was done in the 1700 and 1800 blocks of Trogdon Street, Greensboro, North Carolina. In our view, the ordinance under consideration is violated if and when a person creates a noise that is unnecessary, unreasonably loud and substantially disturbs the peace of the community. Applying the stated legal principles, we are of opinion, and so decide, that each of the warrants under consideration sufficiently charges the commission of the criminal offense created and defined by the ordinance. Certainly, it is not required that the intensity of the noise be described in the warrant in terms of decibels as measured by an audiometer.

Defendant relies primarily on *State v. Walker,* 249 N.C. 35, 105 S.E. 2d 101, in which this Court quashed the bill of indictment in a criminal prosecution based upon G.S. 163-196. The indictment charged that defendant, on a specified date, "did unlawfully and wilfully by his own boisterous and violent conduct disturb one Helen H. Taylor, a duly qualified, appointed and acting registrar for the May 1956 Democratic Primary for the voters of Seaboard Township in Northampton County while in the performance of her duties as such registrar, to wit: While examining one Mark Johnson, an applicant for registration . . . ." In *Walker,* the allegations of the warrant did not disclose in any respect the nature of the alleged boisterous and violent conduct, or the place where the alleged incident occurred, or in what manner the registrar was disturbed in the performance of her duty. This Court considered the allegations insufficient to describe and identify a specific offense. Here, the allegations, in respect of time, place and circumstances, are considered sufficient to describe and identify a specific offense. The factual differences are such that the decision in *Walker* may not be considered a controlling precedent to decision here.

In each of the three cases, the judgment quashing the warrant is reversed.

Reversed.