STATE OF NORTH CAROLINA v. GEORGE F. DORSETT
AND
STATE OF NORTH CAROLINA v. LARRY FRANKLIN DORSETT
No. 6818SC455

(Filed 31 December 1968)

1. **Statutes § 3; Municipal Corporations § 8— validity of statute or ordinance**

    A statute or ordinance is presumed to have meaning and will be upheld if its meaning is ascertainable with reasonable certainty by proper construction.

2. **Statutes § 4— construction in regard to constitutionality**

    If a statute is susceptible to two interpretations, one constitutional and the other unconstitutional, the former will be adopted.

3. **Municipal Corporations § 8— construction of anti-noise ordinance**

    An ordinance proscribing unreasonably loud and unnecessary noise is criminal in nature and is subject to the rule of strict construction, nevertheless the courts must construe it with regard to the evil which it is intended to suppress.

4. **Statutes § 10— construction of criminal statutes**

    The rule that statutes will be construed to effectuate the legislative intent applies to criminal statutes.

5. **Municipal Corporations §§ 29, 37— validity of anti-noise ordinance**

    The protection of the well-being and tranquility of a community by the reasonable prevention of disturbing noises is within the city's power to control nuisances. G.S. 160-200.

**6. Municipal Corporations § 37— anti-noise ordinance — degree of noise intensity**

It is not required that municipal ordinance proscribing unreasonably loud and unnecessary noise define in decibels the intensity of the noise to be prohibited.

**7. Municipal Corporations § 37— anti-noise ordinance — constitutionality**

Municipal ordinance proscribing the creation of unreasonably loud and unnecessary noise of such intensity and duration as to be detrimental to the life or health of any individual, including the creation of any loud and unnecessary noise by the use of a motorcycle, is not unconstitutional for vagueness or indefiniteness.

**8. Municipal Corporations § 37— prosecution for loud use of motorcycle — competency of evidence — nonsuit**

In a prosecution under a municipal ordinance charging the two defendants with the offense of disturbing the peace by the use of motorcycles in such a manner as to create loud and unnecessary noise, it is competent for the prosecution to show the intensity of the noise made by the group of motorcycles in which defendants were voluntarily riding without having to show the decibels contributed by each defendant, and where the State's evidence tends to establish that the contribution of each defendant made the total intensity of noise into an offense condemned by the ordinance, the case is properly submitted to the jury.

APPEAL by defendants from *Exum, J.,* 29 April 1968 Session (second week), GUILFORD Superior Court, Greensboro Division.

The defendants were charged in identical warrants with the offense of disturbing the peace by the use of motorcycles in such a manner as to create loud and unnecessary noise in the City of Greensboro. Each of the warrants was drawn to allege a violation of Section 13-12(b)(4) of the Greensboro Code of Ordinances.

Section 13-12 of the Greensboro Code of Ordinances provides:

(a) Subject to the provisions of this section, the creation of any unreasonably loud, disturbing and unnecessary noise in the city is prohibited. Noise of such character, intensity, and duration as to be detrimental to the life or health of any individual is prohibited.

(b) The following acts, among others, are declared to be loud, disturbing and unnecessary noises in violation of this section, but said enumeration shall not be deemed to be exclusive, namely:

(1) *Blowing horns.* The sounding of any horn or signal device on any automobile, motorcycle, bus, or other vehicle, except as a danger signal, so as to create any unreasonable

loud or harsh sound, or the sounding of such device for an unnecessary and unreasonable period of time.

(2)  *Radios, phonographs, etc.*  The playing of any radio, phonograph or other musical instrument in such manner or with such volume, particularly during hours between eleven o'clock p.m. and seven o'clock a.m. as to annoy or disturb the quiet, comfort, or repose of any person in any dwelling, hotel, or other type of residence.

(3)  *Pets.*  The keeping of any animal or bird, which, by causing frequent or long continued noise, shall disturb the comfort and repose of any person in the vicinity.

(4)  *Use of vehicle.*  The use of any automobile, motorcycle, or vehicle so out of repair, so loaded, or in such manner as to create loud or unnecessary grating, grinding, rattling or other noise.

(5)  *Blowing whistles.*  The blowing of any steam whistle attached to any stationary boiler, except to give notice of the time to begin or stop work or as a warning of danger.

The defendants, along with one Tommy Yow (who was charged also with this offense) were tried in the Municipal-County Court on 6 July 1967 upon their pleas of not guilty. Each of the defendants was found guilty as charged, and each perfected his appeal to the Guilford County Superior Court, Greensboro Division. In the Superior Court each of the defendants moved to quash the warrants on the grounds (1) that the City Ordinance under which he was charged is unconstitutional for vagueness, and (2) that the warrants failed to allege a violation of the City Ordinance. Judge Crissman, presiding over the 28 August 1967 Session of Guilford Superior Court, Greensboro Division, allowed the motion of each defendant to quash on the ground that each warrant failed to allege a violation of the Ordinance. Judge Crissman specifically did not rule upon the constitutionality of the ordinance.

From the orders allowing defendants' motions to quash for failure of the warrants to allege a violation of the ordinance, the State appealed. G.S. 15-179. In the Fall Term 1967 our Supreme Court in an opinion by Bobbitt, J., reversed the judgment quashing the warrants. The opinion stated ". . . [E]ach of the warrants under consideration sufficiently charges the commission of the criminal offense created and defined by the ordinance." However, the opinion had earlier stated that because Judge Crissman had expressly declined to rule on the constitutionality of the ordinance, the Supreme Court

would not rule upon that question. *State v. Dorsett* and *State v. Yow,* 272 N.C. 227, 158 S.E. 2d 15.

Thereafter the cases were called for trial at the 29 April 1968 Session, Guilford Superior Court, Greensboro Division, at which time each defendant again moved to quash upon the grounds that the Ordinance was unconstitutional on account of vagueness and indefiniteness. Judge Exum denied each motion and each defendant entered a plea of not guilty.

The State's evidence tended to show that during the night of 8 June 1967 each of the defendants, along with two or three others, were riding motorcycles up and down Trogdon Street and nearby Streets in Greensboro. That there were at least five motorcycles in the group. That the two Dorsett defendants lived at 1806 Trogdon Street. That the group rode into and out of the Dorsett driveway several times and intermittently up and down Trogdon Street until about 11:30 p.m. That more than twice that night the occupant of 1808 Trogdon Street could not hear her television because of the noise from the motorcycles, and that the windows of her house rattled from the vibration created by the noise. That the motorcycles were making loud and disturbing noises up and down the street in front of 1809 Trogdon Street. The motorcycles' noise sounded like a race car "revving up to start off." That the noise from the motorcycles was so loud when they were "revved up" that one couldn't hear the person sitting beside him on the porch at 1905 Trogdon Street. That the occupant of 1708 Trogdon Street arrived home about 10:15 p.m. and about 11:15 to 11:30 heard the motorcycles making a lot of noise.

Each of the defendants testified and offered other witnesses. The defendants' evidence tended to show that each owned a motorcycle and were riding them along with several others the night of 8 June 1967 on and near Trogdon Street. That each of the motorcycles was in good mechanical condition and did not make loud or unusual noise. That the mufflers were in good condition and they did not unnecessarily "rev" up their engines. That city police officers were in the area all that night and they did not arrest them for making loud or unnecessary noises with their motorcycles. That they were not charged with a violation of the Ordinance until 13 June 1967 (five days later) when the warrants were issued at the insistence of neighbors.

The jury returned verdicts of guilty as charged as to each of the three defendants, and the trial judge entered judgment of confine-

ment for thirty days which was suspended upon condition defendants each paid a fine of $50.00 and costs, and other conditions.

Defendants George F. Dorsett and Larry Franklin Dorsett appealed. Defendant Tommy Yow did not appeal.

*T. W. Bruton, Attorney General, by William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

*Jordan, Wright, Nichols, Caffrey & Hill, by Luke Wright, for the defendants.*

BROCK, J.

Defendants assign as error that the trial judge ruled the Ordinance to be constitutional and denied the motions to quash the warrants.

[1-4]    A statute or ordinance is presumed to have meaning and will be upheld if its meaning is ascertainable with reasonable certainty by proper construction. *Hobbs v. Moore County*, 267 N.C. 665, 149 S.E. 2d 1. If a statute is susceptible to two interpretations, one constitutional and the other unconstitutional, the former will be adopted. *Milk Commission v. Food Stores*, 270 N.C. 323, 154 S.E. 2d 548. The ordinance attacked in this case is clearly criminal in nature and is subject to the rule of strict construction, nevertheless the courts must construe it with regard to the evil which it is intended to suppress. *State v. Brown*, 221 N.C. 301, 20 S.E. 2d 286. Also, the rule that statutes will be construed to effectuate the legislative intent applies to criminal statutes. *State v. Humphries*, 210 N.C. 406, 186 S.E. 473.

The defendants complain that the use of the words *loud or unnecessary* in the ordinance renders it vague and indefinite. They contend that these words do not meet the test of reasonableness because an average man cannot understand at what point he would incur the penalty of the ordinance. Similar arguments were advanced in *Smith v. Peterson*, 131 Cal. App. 2d 241, 280 P. 2d 522, 49 A.L.R. 2d 1194; and *Kovacs v. Cooper*, 336 U.S. 77, 93 L. Ed. 513, 10 A.L.R. 2d 608. In *Kovacs* an ordinance of the City of Trenton, New Jersey, which forbade *loud and racous noises* from loud speakers or amplifiers attached to vehicles was attacked as vague, obscure and indefinite. The court stated that this argument "merits only a passing reference." It stated further: "While these are abstract words, they have through daily use acquired a content that conveys to any interested person a sufficiently accurate concept of what is forbidden." In *Smith* a statute

requiring that vehicles be equipped with mufflers to prevent any *excessive* or *unusual* noise was attacked as uncertain, indefinite and vague. The court held that when viewed in the context in which they are used in the statute, the words excessive or unusual are sufficiently certain to inform persons of ordinary intelligence of the nature of the offense which is prohibited.

**[5, 6]**    The protection of the well-being and tranquility of a community by the reasonable prevention of disturbing noises are within the city's power to control nuisances. G.S. 160-200; *Kovacs v. Cooper, supra.* The ordinance in question does not define in decibels the intensity of the noise to be prohibited thereby, but such exactness is not required. *State v. Dorsett,* and *State v. Yow,* 272 N.C. 227, 158 S.E. 2d 15. "A criminal statute is not rendered unconstitutional by the fact that its application may be uncertain in exceptional cases, nor by the fact that the definition of the crime contains an element of degree as to which estimates might differ, or as to which a jury's estimate might differ from defendant's, so long as the general area of conduct against which the statute is directed is made plain. It is not violative of due process of law for a legislature in framing its criminal law to cast upon the public the duty of care and even of caution, provided there is sufficient warning to one bent on obedience that he comes near the proscribed area. Nor is it unfair to require that one who goes perilously close to an area of proscribed conduct take the risk that he may cross the line." 21 Am. Jur. 2d, Criminal Law, § 17, p. 100.

The defendants in this case, and others operating motorcycles, are not placed at their peril by the ordinance. The words loud or unnecessary have a commonly accepted meaning and they give sufficient warning to anyone who has the desire to obey the ordinance. It may be, as suggested by the defendants, that their motorcycles operated singly did not make a loud or unnecessary noise, and that it was only when operated in a group that the noise was amplified. The purpose of the ordinance is to prevent loud or unnecessary noise, and if the defendants voluntarily joined with others to create such loud or unnecessary noise, it would be no less a violation of the ordinance. They cannot do with impunity as a group the very thing that they cannot do individually.

**[7]**    In our opinion, and we so hold, the ordinance in question is not unconstitutional for vagueness or indefiniteness, and the trial judge was correct in refusing to quash the warrants. Defendants' first assignment of error is overruled.

**[8]**    Defendants' assignments of error numbers two and three can

be disposed of as one. They contend that evidence of noise from the group of motorcycles, not identified specifically as coming from their motorcycles, was inadmissible as against them; and that their motion for nonsuit should have been allowed because of the lack of evidence of noise from their individual motorcycles. These assignments of error are without merit.

The defendants voluntarily engaged with a group in operating motorcycles up and down and near Trogdon Street. Defendants are in no position to complain that the intensity of the noise from the group was allowed in evidence. It was competent for the prosecution to show the intensity of the group noise without having to show the decibels contributed by each defendant. Having joined in the violation of the ordinance as a group, defendants cannot now be heard to complain that their conduct standing alone would not have constituted a violation. If the contribution of each made the total into an offense condemned by the ordinance, then each would be guilty of the offense.

No error.

BRITT and PARKER, JJ., concur.