STATE OF NORTH CAROLINA v. JOHN C. PREINE

No. 753SC774

(Filed 4 February 1976)

Obscenity; Indictment and Warrant § 9— operating massage parlor without license — sufficiency of warrant

  Warrant was sufficient to charge defendant with operating a massage parlor without a license in violation of the Code of the City of Havelock, and the trial court erred in quashing the warrant.

State v. Preine

APPEAL by the State from *Rouse, Judge.* Judgment entered 21 July 1975 in Superior Court, CRAVEN County. Heard in the Court of Appeals 20 January 1976.

Defendant was charged with operating a massage parlor without a license in violation of law Code of the City of Havelock, Chapter 9-16; 9-1, 1-6(A). Defendant was fined $50 and given a suspended sentence by the District Court, but appealed the District Court's judgment to Superior Court.

Defendant made a motion in Superior Court to quash the warrant and the motion was granted. The State appealed the Superior Court's judgment quashing the warrant to this Court.

*Attorney General Edmisten, by Special Deputy Attorney General Edwin M. Speas, Jr., for the State.*

*No brief filed for defendant appellee.*

ARNOLD, Judge.

The State assigns error to the trial court's granting the defendant's motion to quash the warrant.

In a criminal prosecution for a statutory offense, including the violation of a municipal ordinance, the warrant is sufficient if it charges each essential element of the offense in a plain, intelligible, and explicit manner. *State v. Dorsett* and *State v. Yow,* 272 N.C. 227, 158 S.E. 2d 15 (1967).

The warrant states that the defendant "did unlawfully, wilfully, and engage in the operation and ownership of a massage parlor, doing business as the American Health Spa, which facility is covered and regulated under the provisions of Chapter 9 of the Code of the City of Havelock, N. C., without first having obtained regulated facility license from the Board of Commissioners of the City of Havelock, N. C., and which massage parlor is located within the Corporate limits of Havelock, N. C.

The offense charged here was committed against the peace and dignity of the State and in violation of law Code of the City of Havelock, N. C., Chapter 9-16; 9-1, 1-6(A)."

The warrant is sufficient to give defendant notice of the charge against him, to enable him to prepare his defense, and to raise the bar of double jeopardy in the event he is again

brought to trial for the same offense. *State v. Ingram,* 20 N.C. App. 464, 201 S.E. 2d 532 (1974).

Reversed.

Judges PARKER and HEDRICK concur.