STATE OF NORTH CAROLINA v. DWAYNE ALLEN RHONEY, PATRICK JAY BRITTAIN, LARRY JAMES EVANS

No. 7925SC184

(Filed 19 June 1979)

**Schools § 6; Constitutional Law § 8.1 — ordinance of county board of education — presence on school property — control by superintendent — no unconstitutional delegation**

An ordinance enacted by a county board of education which made it unlawful for a person to be on school property after sundown unless that person was participating in an extracurricular activity previously approved by the superintendent was not unconstitutional as a delegation of legislative authority to the superintendent.

APPEAL by the State from *Riddle, Judge*. Judgment entered 10 October 1978 in Superior Court, BURKE County. Heard in the Court of Appeals 24 May 1979.

Pursuant to an authorizing act of the General Assembly, the Burke County Public Schools Board of Education (School Board) enacted an ordinance regulating pedestrian and vehicular traffic

on school property. Defendants were cited for violating this ordinance. The District Court ruled that the School Board ordinance was "an unconstitutional grant of legislative authority in that it purports to grant the Superintendent of Schools authority to make exceptions to the application of the ordinance," and dismissed the cases against the defendants. On appeal to Superior Court, the District Court judgments were affirmed. The State appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Edwin M. Speas, Jr., for the State.*

*Byrd, Byrd, Ervin, Blanton and Whisnant, by Lawrence D. McMahon, Jr. and Robert B. Byrd, for defendant appellee Rhoney.*

ARNOLD, Judge.

Ch. 533, H.B. 535 of the 1975 N.C. Session Laws authorizes the Burke County School Board to "by ordinance prohibit, regulate, divert, control, and limit pedestrian, animal, or vehicular traffic and other modes of conveyance on its campuses." The ordinance adopted by the School Board reads as follows:

> (a) It shall be unlawful for any person to go upon or remain upon any property owned, leased, rented, or otherwise in possession or control of the Burke County Public Schools Board of Education by motor vehicle (as defined by North Carolina General Statute Sec. 20-4.01) including "mini-bikes" and "go-carts", on foot, upon animals or by any other mode of conveyance, after sundown.

> (b) This ordinance shall not apply to employees of the Burke County Public Schools Board of Education while acting within the scope and course of their employment; nor shall this ordinance apply to any participant in an extracurricular activity upon school property, when such activity has been approved in advance by the Superintendent of Schools.

The District Court found this ordinance unconstitutional upon the single ground that it gives the Superintendent of Schools authority to make exceptions to the application of the ordinance, an apparent reference to the second phrase of paragraph (b). The State argues that the correctness of this finding is the sole issue before us on appeal, while defendants would have us consider every

possible ground of unconstitutionality of both the ordinance and the act of the General Assembly under which it was enacted.

The District Court Judge set out explicitly in his judgment the ground for his finding of unconstitutionality. At the hearing on appeal in Superior Court defendants attempted to argue other constitutional issues, but the Court, affirming the District Court, said:

COURT: Is this Judge Vernon's judgment?

MR. BYRD: Yes sir.

COURT: I'm affirming that judgment.

The court in its judgment found the ordinance to be "an unconstitutional grant of legislative authority, among other things, in that it purports and grants the Superintendent of the Schools authority to make exceptions to the application of the Ordinance." We believe it is clear that both the judgment and affirmance were grounded in the single constitutional issue of the authority of the Superintendent to make exceptions to the ordinance, and we decline to consider other constitutional issues which were not passed upon by the courts below. *See State v. Dorsett*, 272 N.C. 227, 158 S.E. 2d 15 (1967).

The parties cite to us *Coastal Highway v. Turnpike Authority*, 237 N.C. 52, 74 S.E. 2d 310 (1953), and *Jackson v. Board of Adjustment*, 275 N.C. 155, 166 S.E. 2d 78 (1969), for the proposition that while administrative powers may be delegated, legislative powers may not be. In both those cases, the challenged enactments delegated the power to determine whether a particular project was "in the public interest," and the Court held that these delegations of legislative power were invalid.

The situation in the case now before us is quite different, however. The ordinance makes presence on school property after sundown unlawful, but excepts from the operation of the ordinance "any participant in an extracurricular activity upon school property, when such activity has been approved in advance by the Superintendent of Schools." Although it is true that the Superintendent's decision as to whether a particular extracurricular activity is approved will have the effect of determining when it is unlawful to be upon school property, it defies common

sense to believe that he will approve or disapprove an activity simply for the purpose of making presence upon the school grounds illegal. Certainly considerations of benefit to the participants, appropriateness as a school function, etc. will be the deciding factors.

We find that this ordinance does not delegate either legislative or administrative power to the Superintendent, but instead defines when particular conduct will be unlawful by reference to an external standard, that is, whether a person is upon school property for an approved activity. This ordinance is not unconstitutional as a delegation of legislative authority to the Superintendent.

Reversed.

Judges MARTIN (Robert M.) and ERWIN concur.