CITY OF CLEVELAND, APPELLEE, *v.* DAVEY, APPELLANT.

294

(No. 23106—Decided June 2, 1954.)

*Mr. Ralph S. Locher,* director of law, *Mr. Bernard J. Conway* and *Mr. Hyman Friedman,* for appellee.
*Mr. C. K. Snyder,* for appellant.

SKEEL, J.   This appeal comes to this court on questions of law from a judgment of guilty of being found in a state of intoxication within the city in violation of Section 13.1516 of the Cleveland Municipal Code, upon a finding entered by the trial court without the intervention of a jury.

From the judgment thus entered the defendant claims the following errors:

"1. In overruling a demurrer of the defendant to the affidavit—which fails to charge the defendant with any crime.

"2. By overruling the motion of the defendant to direct a verdict in favor of the defendant and to discharge the defendant after the opening statement of plaintiff's counsel.

"3. By overruling the motion of the defendant to direct a verdict in favor of the defendant at the close of plaintiff's evidence.

"4. By finding the defendant guilty and imposing sentence upon him on the affidavit in this case."

The affidavit upon which the prosecution was based is as follows:

"Before me Paul DeGrandes, deputy clerk of Cleveland Municipal Court personally came Thomas Moran

No. 1574 who being duly sworn according to law, deposes and says that on or about the 12 day of Sept. A. D. 1953, at the said city and county, one Albert Davey did unlawfully become intoxicated and was found in a state of intoxication in said city; and further deponent says not; contrary to the form of an ordinance of said city in such cases made and provided.

Thomas Moran No. 1574.''

The evidence in the record shows that the defendant was arrested in his home, the arresting officers having gone there to investigate a traffic accident. There had been no complaint that the defendant was disturbing the peace prior to his arrest.

The section of the codified ordinances of the city of Cleveland under which the arrest and conviction of the defendant were based (section 13.1516) reads as follows:

''Any person who is found in a state of intoxication or who shall disturb the good order and quiet of the city by intoxication or drunkenness, shall be deemed guilty of a misdemeanor * * *.''

The history of the legislation on this subject begins with 52 Ohio Laws, 153 (1854), where it was provided:

''Sec. 5. That it shall be unlawful for any person to get intoxicated, and every person found in a state of intoxication, shall, upon conviction thereof, be fined * * *.''

This section was amended, 56 Ohio Laws, 173 (1859), as follows:

''Be it enacted by the General Assembly of the state of Ohio that section 5 of the act providing against the evils resulting from the sale of intoxicating liquors in the state of Ohio, passed May 1, 1854, be amended so as to read as follows: Sec. 5. That it shall be unlawful for any person to get intoxicated, and every person found in a state of intoxication, shall upon conviction

thereof, be fined in the sum of five dollars, and pay the costs * * *.'' (The only amendment was to remove a one to three days jail sentence.)

As found in Section 6940, Revised Statutes, this provision read:

''Whoever is found in a state of intoxication shall be fined five dollars.''

Section 6940, Revised Statutes, upon the adoption of the General Code, became Section 13194, General Code, which by amendment in 1921 (109 Ohio Laws, 232) provided:

''Whoever is found in a state of intoxication or whoever, being intoxicated, shall disturb the peace and good order, or shall conduct himself in a disorderly manner, shall be fined * * *.''

Upon recodification in 1953 (Section 3773.22, Revised Code), the section was reworded to read:

''No person shall be found in a state of intoxication or, being intoxicated, shall disturb the peace and good order, or shall conduct himself in a disorderly manner. * * *''

It is interesting here to note that no penalty under this section is found in Section 3773.99, Revised Code.

In the Municipal Code of Cleveland (1924), Section 2991 provided:

''Any person who shall disturb the good order and quiet of the city by intoxication or drunkenness, shall be deemed guilty of a misdemeanor * * *.''

In 1939 (ordinance No. 192-39), this section was amended to read:

''Any person who is found in a state of intoxication or who shall disturb the good order and quiet of the city by intoxication or drunkenness, shall be deemed guilty of a misdemeanor * * *.''

Upon recodification of the Cleveland ordinances in 1951, this section became section 13.1516 of part 13,

"penal code," of the codified ordinances of the city of Cleveland.

It is to be noted that the amendments of 1939 passed by the Cleveland city council adopted verbatim the first clause of the first sentence of the state law defining the character of conduct dealing with intoxication to be prohibited as unlawful. In doing so, the council must have intended to give to such section the same meaning and to make unlawful the same conduct as was prohibited by state law.

For more than one hundred years it has been the law of the state of Ohio that any one "found" in a state of intoxication is guilty of a misdemeanor. The place where a defendant is found in a state of intoxication is of no importance. This must be so, because, as is shown by the history of the state law, disorderly conduct or disturbing the peace while intoxicated or drunk was added to the section in 1921 without changing any part of the wording of the section as it read prior to the amendment.

It is for the Legislature and, in a municipal corporation in dealing with conduct to be prohibited under the police power of the city, it is for the city council (within the limits of its constitutional powers) to define what conduct is to be prohibited within the police power and to make the violation of the rule thus stated a misdemeanor, punishable by fine and imprisonment.

From a reading of this section there is no need to resort to interpretation. The words when given their ordinary meaning express clearly the intention of the Legislature.

In the case of *State* v. *Stevens*, 161 Ohio St., 432, the Supreme Court in following and approving paragraph two of the syllabus of *Slingluff* v. *Weaver*, 66 Ohio St., 621, 64 N. E., 574, said:

"In the construction of a legislative enactment, the

question is not what did the General Assembly intend to enact but what is the meaning of that which it did enact. (Paragraph two of the syllabus in the case of *Slingluff* v. *Weaver,* 66 Ohio St., 621, approved and followed.)''

Paragraph two of the syllabus of *Slingluff* v. *Weaver, supra,* provides:

''But the intent of the law makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the General Assembly intend to enact, but what is the meaning of what it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction.''

The plain words of the ordinance, ''any person who is found in a state of intoxication,'' do not indicate that, when such unlawful act, as thus defined, is committed in the home of the defendant, such conduct is not to come within the prohibition. Has it ever been argued that any other unlawful act committed in the home is immune from prosecution?

Here the harm provided against is being found in a state of intoxication. One who, by the use of intoxicating liquor, destroys his reason and self-control, and who thereby becomes a potential danger to himself and those about him, comes clearly within the provisions. If the council of the city of Cleveland had desired to limit the application of the ordinance it could have done so by positive provisions. If the ordinance was to have application in public places only, then the amendment of 1939 was unnecessary.

The only way the contention of the defendant can be supported is to hold that the city council in

passing the amendment of 1939 abused its discretion or that such amendment, as to being found intoxicated in the home, is unconstitutional. Considering the history of the legislation and the statute on the same subject, passed by the Legislature of Ohio, we cannot come to such conclusion.

For the foregoing reasons the judgment is affirmed.

*Judgment affirmed.*

HURD, P. J., and KOVACHY, J., concur in the judgment.

KOVACHY, J. The question whether a police officer may arrest an intoxicated person who is peaceful and orderly in his own home *without a warrant* is not decided by us in this case.

HURD, P. J., concurs in the foregoing concurring opinion.