CITY OF AKRON, APPELLEE, *v.* CRINER, APPELLANT.

(No. 4983—Decided June 22, 1960.)

*Mr. Harry N. Van Berg*, director of law, and *Mr. Max Rothal*, for appellee.

*Messrs. Kelley & Schneiderman*, for appellant.

DOYLE, P. J. In December, 1959, Mildred M. Criner was charged by affidavit in the Municipal Court of Akron with violating "Section 19, Chapter 25, of the Code of the City of Ak-

ron.'' The affidavit stated that, on the 5th day of December, in the year 1959, she ''unlawfully was found in a state of intoxication,'' contrary to the provisions of municipal legislation. She entered a plea of guilty to the charge, and by way of penalty was assessed the costs.

Appeal was thereupon taken by the defendant to this court from the judgment entered.

It is here claimed that the affidavit to which she pleaded is based upon an unconstitutional ordinance, which ordinance appears in the following words and phrases:

''Whoever is found in a state of intoxication shall be deemed guilty of a misdemeanor and fined not less than five dollars nor more than fifty dollars.''

1. Attention is first directed to the question of a right of appeal from a judgment which directly results from a plea of guilty to a charge.

The plea of guilty in the instant case was made only to the charge made in the affidavit, and it logically follows that the plea was not made to an offense under the law, unless the charge in the affidavit states a criminal offense. Therefore, a judgment entered upon a plea of guilty to a criminal charge made in an affidavit is reviewable on appeal for an examination of the question whether the conduct with which the accused was charged constituted an offense under the law. *State* v. *Marcinski*, 103 Ohio St., 613, 134 N. E., 438; *Carper* v. *State*, 27 Ohio St., 572.

2. Is the ordinance unconstitutional?

.Section 3, Article XVIII of the Constitution of Ohio, provides:

''Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.''

It is argued that the Akron ordinance is in conflict with state law, and further that Section 715.55, Revised Code, ''does not authorize cities to provide for punishment for intoxication or drunkenness unless the good order and quiet of the municipal corporation is disturbed.''

The pertinent part of Section 715.55, Revised Code, is:

"Any municipal corporation may provide for:

"(A) The punishment of persons disturbing the good order and quiet of the municipal corporation by clamors and noises in the night season, by intoxication, drunkenness, fighting, committing assault, assault and battery, using obscene or profane language in the streets and other public places to the annoyance of the citizens, or otherwise violating the public peace by indecent and disorderly conduct, or by lewd and lascivious behavior."

The conduct condemned and the authority given to a municipality to punish, for a violation thereof as provided in this statute, were in substance a part of the statutory law of Ohio long prior to the year 1912. Prior to 1912, municipal police power was derived through legislative action. Since that time, however, such police power has been derived from the people through the Constitution. See Section 3, Article XVIII, *supra*.

Prior to the year 1912, the predecessors of this statute empowered municipalities to enact ordinances consistent with its provisions; since 1912, legislation of this kind is not required, for the reason that the Constitution of the state empowers municipalities to enact laws or ordinances under its police power, with the limitation only that they not be arbitrary, discriminatory, capricious or unreasonable, that they bear a real and substantial relation to the health, safety, morals or general welfare of the public, and that they not be in conflict with general laws of the state. *City of Cincinnati* v. *Correll*, 141 Ohio St., 535, 49 N. E. (2d), 412.

Section 715.55, Revised Code, is not a limitation on the right of a municipal corporation to enact legislation under its constitutional police power, and the part of the section quoted above appears to be needless legislation, as the municipality is empowered to legislate on the matters therein stated, as well as on other police matters not specifically authorized by state law.

"1. Municipalities in Ohio are authorized to adopt local police, sanitary and other similar regulations by virtue of Section 3, Article XVIII, of the Ohio Constitution, and derive no authority from, and are subject to no limitations of, the General Assembly, except that said ordinances shall not be in conflict

with general laws." *Village of Struthers* v. *Sokol*, 108 Ohio St., 263, 140 N. E., 519.

The ordinance under inspection is not in conflict with this section of the statutes.

Upon further examination of the state law, there may be found Section 3773.22, Revised Code. It reads:

"No person shall be found in a state of intoxication or, being intoxicated, shall disturb the peace and good order, or shall conduct himself in a disorderly manner. * * *"

When the state law and the ordinance of the city are compared, it becomes obvious that no conflict exists. The ordinance uses the words "Whoever is found in a state of intoxication," etc., while the state law reads, "No person shall be found in a state of intoxication." Under neither legislative enactment is it necessary that the "good order and quiet of the municipal corporation" be disturbed before an offense is committed. Drunkenness or intoxication alone is sufficient, and even the place where the drunken person is found is not a necessary element of the offense, as long as it is within the jurisdiction of the court. *City of Cleveland* v. *Davey*, 97 Ohio App., 293, 120 N. E. (2d), 454.

Ordinances and state law making intoxication a punishable offense do not conflict with the rule of reasonableness heretofore noted, and they do have a real and substantial relation to the health, safety, morals and general welfare of the public. The law punishes a status as distinguished from an act.

*Judgment affirmed.*

Stevens and Hunsicker, JJ., concur.