CITY OF COLUMBUS, APPELLEE, *v.* GLASCOCK, APPELLANT.*

(No. 6828—Decided March 13, 1962.)

*Mr. Russell Leach,* city attorney, *Mr. Bernard Chupka* and *Mr. William B. Shimp, Jr.,* for appellee.
*Mr. Paul M. Jones,* for appellant.

*Per Curiam.* This is an appeal from a conviction in the Columbus Municipal Court of a charge of driving while under the influence of alcohol.

The first assignment of error challenges the constitutionality of the ordinance. Defendant, appellant herein, contends that the ordinance is in "conflict" with state statutes in violation of Section 3, Article XVIII of the Constitution. The contentions are that: (1) Section 4511.06 of the Revised Code prohibits or pre-empts the municipal ordinance and further that

*Motion to certify the record overruled (37543), October 3, 1962. Appeal dismissed, 174 Ohio St., 9.

the ordinance adds two substances not covered in the comparable state statutes; (2) the penalties imposed differ; (3) the second paragraph of the ordinance provides for various presumptions upon a showing of certain levels of blood alcohol, and that the city has no power to adopt such a presumption under Article XVIII.

Section 3, Article XVIII grants to municipalities the power to adopt local police regulations "as are not in conflict with general laws." The Legislature obviously may adopt specific police regulations which become effective within the limits of municipalities. But under the Constitution, municipalities have a *constitutionally*-granted power to adopt local police regulations. The Legislature cannot deprive a municipality of that constitutional power, directly or indirectly. The validity of a local police regulation therefore depends not on any question of a state prohibition or pre-emption of the municipal constitutional power, but rather upon the existence of a "conflict." *City of Fremont* v. *Keating* (1917), 96 Ohio St., 468; *Froelich* v. *City of Cleveland* (1919), 99 Ohio St., 376; *Union Sand & Supply Corp.* v. *Village of Fairport* (1961), 172 Ohio St., 387; *City of Akron* v. *Criner* (1960), 112 Ohio App., 191; *City of Akron* v. *Williams* (1960), 113 Ohio App., 293.

Interpreting Section 4511.06, Revised Code, in the light of the Constitution, we hold that it merely states that which Section 3, Article XVIII, already provides, *i.e.*, that no ordinance may "conflict" with state statutes. Pre-emption doctrines in this area of police regulations should be sharply distinguished from the area of taxation. The authority of the Legislature to pre-empt municipal taxing power rests on the provisions of Section 13 rather than Section 3 of Article XVIII.

Except for the problem of felonies, the basic test of "conflict" in the field of municipal police regulations is whether one prohibits what the other permits, or vice versa. *Village of Struthers* v. *Sokol* (1923), 108 Ohio St., 263. We see no such conflict between the ordinance here and the state statutes.

In view of the fact that the comparable state statute involved does not create a felony, defendant has withdrawn his second contention on the constitutionality of the ordinance. See *City of Toledo* v. *Best* (1961), 172 Ohio St., 371. As to the third contention, the presumption established by the ordinance does

not appear in the affidavit, nor was it mentioned during the trial or covered in the instructions of the court. Whether that provision of the ordinance is valid or not, it is severable from the first paragraph and has no relevance to the present case.

In his second assignment of error, defendant complains of the admission of testimony by a police chemist as to a urinalysis performed on a sample voluntarily provided by the defendant. Some months after the arrest, the giving of the sample and performing of the test, defense counsel demanded the balance of the sample for the purpose of making a comparison analysis. However, the balance of the sample had already been disposed of by the police. Defendant contends that since, by the action of the police, a comparison test is now impossible, he has been deprived of any effective means of cross-examination of the very thing which is the basis of the witness' testimony. Accordingly, he contends that the testimony should have been suppressed and denied admission.

There is no contention that the sample was disposed of with the intent to suppress the evidence and deprive the defendant of the opportunity to make a comparison analysis. If the sample had been in existence at the time the demand was made, and the demand then refused, there would appear to be merit to defendant's position, although we express no opinion at this time. Under the circumstances here, we find no basis to suppress the evidence. The defendant had the right to refuse the sample entirely, or to refuse to give the sample unless his own expert was present. See *Columbus* v. *Mullins* (1954), 162 Ohio St., 419. This affords the defendant adequate protection for his rights.

The judgment of the Municipal Court is affirmed.

*Judgment affirmed.*

DUFFEY, P. J., DUFFY and BRYANT, JJ., concur.