CITY OF CINCINNATI, APPELLEE, *v.* BILLMAN, APPELLANT.
(Three cases.)

[Cite as Cincinnati v. Billman, 14 Ohio App. 2d 161.]

(Nos. 10424, 10425 and 10426—Decided April 1, 1968.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. Simon L. Leis, Jr.,* for appellee.
*Mr. Eugene J. Stagnaro, Jr.,* for appellant.

SHANNON, J. On June 17, 1967, defendant and a male companion went to an apartment to visit the tenant thereof. Subsequently, they left and consumed a quantity of beer and champagne and, then, returned to the apartment where an argument ensued between the defendant and the tenant, a woman with whom defendant had been keeping company. When the argument became heated, the tenant left with her sister and two of the tenant's three small children.

Following the drinking of more champagne, defend-

ant produced a revolver from his pocket and stated that he was going to go after his girl friend. He was, however, persuaded by his male companion to give him the gun; and it was unloaded. Then, defendant telephoned his wife, and, at his request, she brought him additional ammunition for the weapon. When the wife arrived with the shells, defendant met her outside the apartment building, reloaded the revolver and, as his wife departed, fired it in the direction of her car. Defendant then re-entered the apartment.

Shortly thereafter, police arrived, having been summoned by a neighbor, and the defendant was seen at a window of the apartment shouting words to the effect that the police need not come in because there was no trouble. Nevertheless, police did go to the door, knocked and asked to be admitted, and defendant permitted them to enter. Within minutes the defendant became abusive, ordered the police to leave and, ultimately, was placed under arrest for drunkenness. The male companion disclosed the hiding place of the revolver, and defendant was transported from the scene to a place where he was charged, additionally, with disorderly conduct and discharging firearms.

Prior to trial, a motion to suppress the evidence was overruled, trial to a jury was had and verdicts of guilty of all three charges were returned. The trial court permitted the prosecution to adduce evidence of behavior on the part of defendant of subsequent acts occurring on July 7, 1967, leading to his arrest for drunkenness, disorderly conduct and resisting arrest at the same apartment. Except to testify in support of his motion to suppress the evidence, defendant did not take the stand.

Defendant's first assignment of error raises the issue: Does the ordinance under which the charge of drunkenness was brought make only public intoxication an offense?

Section 901-d6 of the Code of Ordinances of the city of Cincinnati reads as follows:

"Whoever shall be found in a state of intoxication or, being intoxicated shall disturb the peace and good order

or conduct himself in a disorderly manner, shall be fined not more than one hundred dollars ($100.00) or imprisoned not less than one (1) nor more than thirty (30) days, or both."

Here, the defendant was not in his home but, at best, was a social guest of the tenant, and there is evidence which if believed would warrant the conclusion that he admitted the arresting officers voluntarily.

In the case of *Cleveland* v. *Davey*, 97 Ohio App. 293, the defendant was arrested at his home where police had gone to investigate a traffic accident. There had been no complaint of a breach of the peace. The ordinance under which defendant was charged is markedly similar to that in the case at bar.

In affirming the judgment of guilty upon a finding entered by the trial court, the Court of Appeals said, in the second paragraph of the syllabus:

"Under an ordinance which provides that a person who is found in a state of intoxication shall be deemed guilty of a misdemeanor, the place where he is so found in such state within the jurisdiction of the court is not a necessary element of the crime, and one found in a state of intoxication in his home is subject to punishment under the ordinance."

The rationales of the quoted case applies here, perhaps with greater force, and we subscribe to it. A municipality, within constitutional limits, may prescribe what conduct is to be prohibited. Consequently, the enactment of the ordinance involved in the case at bar was a proper exercise of police power by the Council of the city of Cincinnati. The reasoning behind the following statement by the court in the *Davey case* at page 298 is compelling:

"* * * One who, by the use of intoxicating liquor, destroys his reason and self-control, and who thereby becomes a potential danger to himself and those about him, comes clearly within the provisions [of an ordinance proscribing intoxication] * * *."

In our case, the defendant, from the evidence, lost his

reason and self-control and in firing the revolver in the direction of his wife's car became, indeed, an actual rather than a potential danger to the community.

While to adopt some devious and sophisticated legalistic argument to extricate defendant from the position in which his own unbridled passions placed him in the case before us would border upon the ludicrous, we hasten to add, as did the court in *Cleveland* v. *Davey*, that the question whether a police officer may arrest an intoxicated person who is peaceful and orderly *in his own home without a warrant* is neither before us nor decided by us.

We find no illegal search under the circumstances established by the evidence.

Coming on to consider the second and third assignments of error in which the question is raised of the propriety of the admission of evidence tending to prove subsequent similar acts, we are of the opinion that such testimony was authorized under Section 2945.59, Revised Code, and that the trial judge properly instructed the jury.

For the foregoing reasons the judgment is affirmed.

*Judgment affirmed.*

LONG, P. J., and HILDEBRANT, J., concur.