VALLEY VIEW *v.* ROCKSIDE HIDEAWAY SANITARY LANDFILL. INC., ET AL.

[Cite as Valley View v. Rockside Hideaway Sanitary Landfill, Inc. (1972), 32 Ohio Misc. 135.]

(No. GH-103—Decided January 20, 1972.)

Municipal Court of Shaker Heights.

*Mr. William E. Mahon,* for plaintiff.
*Mr. Robert Disbro,* for defendant.

ROCKER, J. Defendants are before the court on fifty-eight affidavits and warrants issued by the village of Valley View alleging that defendants "* * * did allow garbage and trash to remain on or about the property operated by it as a sanitary landfill at or about 5661 Canal Rd., Valley View, Ohio, from which emanates offensive odors and leachate carrying into Valley View, Ohio, to the damage of the public, particularly the residents of the Murray Rd. area, contrary to Valley View Village Ordinance Section 517.09 (b)."

The pertinent section of the Valley View ordinance reads as follows:

"(b) No person shall cause or allow trash, garbage, dead animal (sic), waste, rubbish, refuse or any other noxious or offensive materials or substances to be collected or remain in any place to the damage or prejudice of others or of the public, or unlawfully obstruct, impede, divert, corrupt or render unwholesome or impure any natural watercourse."

The village of Valley View, Ohio, resides within the jurisdiction of the Garfield Heights Municipal Court and upon the judge of said court voluntarily disqualifying himself, the cases were referred to the Shaker Heights Municipal Court for trial.

A motion to quash all of the affidavits was timely filed in the Garfield Heights Municipal Court. The basis of the motion is, in substance, that defendants are operators of a solid waste disposal facility which is licensed by the state of Ohio in conformity with provisions of R. C. Chapter 3734. *et seq.,* and that by virtue of said license, the village ordinance is in conflict with the general laws of the state of Ohio and, therefore, the Constitution of the state of Ohio.

It is obvious to this court that R. C. Chapter 3734. constitutes law of a general nature to be applied uniformly throughout the state. It can be readily recognized that if each township, village or city were to be relied upon to

enact such legislation, a neighboring township, village or city which failed to do so would represent a potential, if not real, health hazard to its neighboring community. By the same logic it is probable that at some future date, the federal government will enact comparable legislation to protect neighboring states.

R. C. Chapter 3734. defines "Solid Wastes" to include: "* * * unwanted residual solid or semi-solid material as results from industrial, commercial, agricultural, and community operations, * * * garbage, combustible and noncombustible material, street dirt, and debris."

The same chapter sets up the manner in which solid waste disposal sites must be operated and established so "as not to create a nuisance, cause or contribute to water pollution, or create a health hazard * * *."

Other provisions of the chapter empower the state to suspend, revoke or deny a license to a political subdivision, which power would, of course, extend to the political subdivision of Valley View, Ohio.

It should be noted further that R. C. 3734.10 provides for prosecutions and injunctive relief procedures to be brought "* * * upon complaint of the respective board of health of the health district or the director * * *."

The final provision of the chapter, R. C. 3734.99, sets forth the penalty for violations of these code provisions and sets the penalty of "* * * not more than one hundred dollars for each day that such violation is continued."

Probably one of the most succinct definitions of conflict of a municipal ordinance and general laws of the state is to be found in *Struthers* v. *Sokol* (1923), 108 Ohio St. 263, to wit:

"In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa."

Another exposition on the subject is quoted in the recent case of *Dayton* v. *Stearns*, 26 Ohio Misc. 115:

"The test as to whether an ordinance is constitutional or not does not revolve solely upon the question of whether

138

or not the statutes or ordinances in point deal with the same subject. The crucial question is whether the city ordinance conflicts with the state statute. The validity or invalidity of a local police regulation depends upon the existence or nonexistence of a conflict with the general laws of the state and not upon any question of state prohibition or pre-emption of such power. *Columbus* v. *Glascock* (1962), 117 Ohio App. 63.

Section 3, Article XVIII of the Ohio Constitution grants municipalities authority to exercise local self-government, with power to adopt and to enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws.

The Valley View ordinance in question, 517.09 (b) is not *per se* in conflict with general laws of the state on the same subject, except as to its attempt to govern and regulate the operation of a system or enterprise established for the purpose of solid waste disposal in conformity with the statutes contained in R. C. Chapter 3734.

This court is not unmindful of the discomfort and severe annoyance to the complaining residents of Valley View of the presence in their midst of a solid waste disposal plant. If, however, such facility is being operated in such fashion that it constitutes a nuisance, an abatement of that nuisance must be achieved through the processes provided for in R. C. Chapter 3734.

Valley View Ordinance No. 517.09 (b) may continue to regulate all of the subjects under its general title: "Littering and Deposit of Garbage, Rubbish, Junk, etc." It is, however, inapplicable to such deposits of garbage, rubbish, junk, etc. delivered to and processed within the confines of a duly licensed solid waste disposal plant or facility.

It having been established by the evidence that the defendants are duly licensed to operate such a solid waste disposal site and facility, the motion to quash the affidavits is granted and the defendants are discharged.

*Motion to quash granted.*