JOURNAL ENTRY and OPINION
{¶ 1} Appellant City of Cleveland appeals from the Cleveland Municipal Court's dismissal of a complaint against appellee Anthony Vento for using an amplified sound system without a permit in violation of Cleveland Codified Ordinance 683.01(b). In that dismissal, the trial court declared C.C.O. 683.01(b) unconstitutionally vague and overbroad. The City assigns the following as errors for our review:
 {¶ 2} I. THE TRIAL COURT ERRED IN FINDING C.C.O. 683.01(b) UNCONSTITUTIONAL FOR VAGUENESS.
 {¶ 3} II. THE TRIAL COURT ERRED IN FINDING C.C.O. 683.01(b) UNCONSTITUTIONAL FOR OVERBREADTH.
 {¶ 4} III. THE TRIAL COURT ERRED IN PERMITTING APPELLEE TO FILE A SUPPLEMENTAL BRIEF INVOLVING ISSUES OTHER THAN WERE LITIGATED AT THE MOTION HEARING IN VIOLATION OF CR[IM].R. 12.
 {¶ 5} IV. THE TRIAL COURT ERRED IN FINDING C.C.O. 683.01(b) UNCONSTITUTIONAL AS A RESULT OF TIME, PLACE, AND MANNER RESTRAINTS.
 {¶ 6} V. THE TRIAL COURT ERRED PERMITTING PLAIN ERROR COMBINING THE MOTION HEARING AND TRIAL IN THE SAME HEARING.
{¶ 7} Having reviewed the record and the pertinent law, we reverse the decision of the trial court and remand this matter for proceedings in accordance with this opinion. The apposite facts follow.
{¶ 8} Vento, a member of the Inter-Religious Task Force on Central America, coordinated a demonstration at Public Square in downtown Cleveland on August 24, 2000 to protest the alleged use of sweat-shops by a certain department store. During the demonstration, various speakers and a guitarist used an amplified microphone.
{¶ 9} At 4:30 p.m., Cleveland Police Officer Nichols approached the group of individuals and inquired as to the use of a public address system on Public Square. Officer Nichols told a member of the group that they could not use a public address system. After the demonstration was over, Officer Nichols cited Vento for violating C.C.O. 683.01.
{¶ 10} On October 18, 2000, Vento filed a motion to dismiss the complaint on grounds that C.C.O. 683.01 is unconstitutionally vague and overbroad. The trial court concurrently held a hearing on the motion to dismiss and a bench trial on the substantive issues. Neither party objected, and the court proceeded.
{¶ 11} Following the bench trial and before the trial court rendered a decision, Vento filed a supplemental brief in support of his motion to dismiss. In it he raised, for the first time, the defense that C.C.O. 683.01 is unconstitutional in that it fails to provide specific instructions for obtaining a permit, and thus created an unconstitutional restraint on free speech. After the City answered without objection, the trial court granted Vento's motion to dismiss on grounds that C.C.O. 683.01 is unconstitutional as vague, overbroad, and an undue restraint on free speech. This appeal follows.
{¶ 12} Before addressing the constitutional issues raised by the City, we resolve the procedural issues raised in the City's third and fifth assigned errors.
{¶ 13} In its third assigned error, the City argues the trial court erred in permitting Vento, after the trial concluded and before the court announced its decision, to file a supplemental brief which, for the first time, raised a defense to the complaint. The City posits this action violated Crim.R. 12(B)(2). For the following reason, we determine the City's argument is without merit.
{¶ 14} The City answered the substantive issues raised in Vento's supplemental brief, but did not object to the filing of the supplemental brief. A party's failure at trial to object to a motion to dismiss results in waiver of the issue for the purpose of appeal.[1] Because it failed to object at trial to Vento's filing of a supplemental brief, the City has waived this argument on appeal. Accordingly, the City's third assigned error is without merit.
{¶ 15} In its fifth assigned error, the City argues the trial court erred in concurrently holding the motion to dismiss hearing and the substantive trial. For the reasons set forth below, we disagree.
{¶ 16} The trial court's docket reveals that on October 12, 2000, the trial court set October 27, 2000 as the trial date. On October 18, 2000, Vento filed his original motion to dismiss, which the City answered two days before trial.
{¶ 17} Again, the City failed to object, and thus waived the argument on appeal. Nonetheless, the City asks us to consider the trial court's action as plain error in that holding a unified hearing precluded the City from presenting witnesses that could have testified as to the proper procedure for obtaining a permit. What the City fails to explain is how this issue, which was not raised by Vento until after trial concluded, could have been addressed at trial by the court bifurcating the dismissal hearing from the trial. The trial was scheduled for, and held on, October 27, 2000. The method of obtaining a permit was not an issue at trial; it only became an issue when Vento filed his supplemental brief which the City answered without objection. Because the City failed to object and we see no plain error, the City's fifth assigned error is without merit.
{¶ 18} We now turn to the substantive queries presented in the City's first, second, and fourth assigned errors. In these assigned errors, the City argues the trial court erred in granting Vento's motion to dismiss on grounds C.C.O. 683.01 is unconstitutional as vague, overbroad and creates a prior restraint on free speech.
{¶ 19} C.C.O. 683.01(b) provides:
 {¶ 20} Except for organized events which have received any type of permit from the City in conjunction with the event, no person shall play any radio, music player, television or audio system upon a public right of way or upon other public property in such a manner or at such a volume as to disturb the quiet, comfort or repose of other persons. (Emphasis added).
{¶ 21} We find our premise for resolving constitutional challenges in State v. Dorso[2] in which the Ohio Supreme Court stated:
 {¶ 22} It is axiomatic that all legislative enactments enjoy a presumption of constitutionality. Similarly uncontroverted is the legal principle that the courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional.[3]
{¶ 23} In its first assigned error, the City argues the trial court erred by ruling C.C.O. 683.01 unconstitutionally vague. We agree.
{¶ 24} A statute or ordinance is unconstitutionally vague if the statute fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.[4] Moreover, a statute or ordinance is not necessarily unconstitutionally vague merely because the statute could have been more precisely worded.[5] The Constitution does not mandate a burdensome specificity. As stated in Dorso:
 {¶ 25} Specifically, as to challenges to a statute based upon its alleged vagueness, the United States Supreme Court has stated, * * * [I]f this general class of offenses [to which the statute applies] can be made constitutionally definite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction. Thus, we are obligated to indulge every reasonable interpretation favoring the ordinance in order to sustain it.[6]
{¶ 26} Here, the trial court considered C.C.O. 683.01 unconstitutionally vague because [t]he ordinance fails to provide standards for what constitutes `disturb the quiet, comfort or repose of other persons' in sufficient detail for a person to conform his behavior to the statute. In support of this position, the court asserted the ordinance does not provide notice of what conduct is proscribed or how to obtain a permit.
{¶ 27} The conduct proscribed is the playing of any radio, music player, television or audio system upon a public right of way or upon other public property in such a manner or at such a volume as to disturb the quiet, comfort or repose of other persons. Vento argues that, absent a decibel limit or some other objective measure of disturbance, the statute leaves one to wonder: how loud is too loud?
{¶ 28} In Dorso, the Ohio Supreme Court ruled that a challenged city ordinance prohibiting conduct in such a manner as to disturb the peace and quiet of the neighborhood was not unconstitutionally vague. The court stated:
 {¶ 29} [W]e construe the Cincinnati ordinance at issue to prohibit the playing of music, amplification of sound, etc., in a manner which could be anticipated to offend the reasonable person, i.e., the individual of common sensibilities. Specifically, we find the ordinance to proscribe the transmission of sounds which disrupt the reasonable conduct of basic human activities, e.g., conversation or sleep. Our construction of the ordinance does not permit the imposition of criminal liability upon a party whose conduct disturbs only the hypersensitive. Thus, the standard hereby adopted vitiates the claimed vagueness of the ordinance.
{¶ 30} The ordinance at issue in Dorso is similar to C.C.O. 683.01 in that neither objectively defines at what level noise becomes objectionable. By extending the Dorso decision to the case at hand, we determine that C.C.O. 683.01 permits a person of ordinary intelligence fair notice of the proscribed conduct.
{¶ 31} The trial court also erred in reasoning that C.C.O. 683.01 is vague for not providing specific means to obtain a permit. The court focused on the ordinance language any type of permit in making its decision. In doing so, the court missed the remainder of the clause which clarifies the statute. The clause states: any type of permit from the City in conjunction with the event. [Emphasis added]. This certainly indicates to a person of ordinary intelligence that the permit obtained must have a rational nexus to the event. By way of illustration and to address a specific example raised by Vento, we do not see how a reasonable person could assume that, for instance, a dog license would suffice.
{¶ 32} For the foregoing reasons, we determine that C.C.O. 683.01 is not void for vagueness. Accordingly, the City's first assigned error has merit.
{¶ 33} In its second and fourth assigned errors, the City argues the trial court erred in considering C.C.O. 683.01 unconstitutionally overbroad because the ordinance merely regulates the time, place and manner of speech in a content neutral manner. We agree.
{¶ 34} The trial court's journal entry considers C.C.O. 683.01 overbroad because it fails to establish a policy or fix standards for the guidance of the administrative officer in the granting or denial of a permit. The court's concern was prevention of arbitrary and discriminatory enforcement of the ordinance. While we recognize these as valid concerns under a challenge to an ordinance's constitutionality, they are appropriately raised under the doctrine of vagueness, not under the doctrine of overbreadth.[7] The trial court failed to articulate any relevant argument to invalidate C.C.O. 683.01 as overbroad. Nevertheless, we will address this concern as follows.
{¶ 35} The concept of constitutional overbreadth pertains only to First Amendment issues.[8] A statute or ordinance may be overbroad if in its reach it prohibits constitutionally protected conduct[9]
restriction relating to muster so long as it (1) is content-neutral, (2) is tailored to serve a significant government interest, and (3) leaves alternative channels of communication open such as free speech at issue here.[10]
{¶ 36} A statute or ordinance is content-neutral if it does not regulate the subject matter or content of speech.[11] Here, C.C.O. 683.01 merely restricts disturbing manners and volumes of speech. The ordinance does not impinge in any way on the subject matter or content of speech. Therefore, C.C.O. 683.01 passes the first prong of the overbreadth test.
{¶ 37} To pass under the second prong of the test, the ordinance does not have to be the most narrowly tailored means of curbing protected conduct; it merely must be narrowly tailored to serve a significant government interest. In the case at hand, that legitimate interest is the preservation of public quiet, comfort and repose so as to prohibit offending reasonable persons. Further, merely requiring someone who wishes to disturb the usually preserved quiet, comfort and repose to first obtain a permit, is a narrowly tailored means of achieving that interest.
{¶ 38} Finally, the ordinance must leave open other avenues of expression. C.C.O. 683.01 only addresses the playing of any radio, music player, television or audio system upon a public right of way or other public property. Any other means of expression is left open. Absent the means explicitly mentioned, Vento or anyone else wishing to practice his free speech rights may openly vocalize their opinions or thoughts without fear of violating C.C.O. 683.01. Therefore, C.C.O. 683.01 leaves open other avenues of expression.
{¶ 39} Under both the vague and overbreath issues, we find the ordinance susceptible of a reasonable constitutional construction. Having reached this conclusion, we note that although Vento did not fit within the organized and permitted events exception, the City remains under the burden of proving Vento disturbed the peace.
{¶ 40} For the foregoing reasons, the trial court erred in considering C.C.O. 683.01 overbroad. Accordingly, the City's first, second, and fourth assigned errors have merit.
Judgment reversed and remanded for proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. MCMONAGLE, J., and ANN DYKE, J., CONCUR.
[1] See City of Westlake v. Rice (1995), 100 Ohio App.3d 438,645 N.E.2d 181; State v. Ballard 2001 Ohio App. LEXIS 5079 (November 15, 2001), Cuyahoga App. No. 78543.
[2] (1983), 4 Ohio St.3d 60, 446 N.E.2d 449.
[3] Id. at 60. Internal citations omitted.
[4] Dorso, supra, quoting United States v. Harriss (1954), 347 U.S. 612,617, 74 S.Ct. 808, 812.
[5] Id., citing Roth v. United States (1957), 354 U.S. 476, 491, United States v. Petrillo (1947), 332 U.S. 1, 7-8.
[6] (1983), 4 Ohio St.3d 60, 446 N.E.2d 449.
[7] See Papachristou v. City of Jacksonville (1972), 405 U.S. 156,92 S.Ct. 839. See, also, City of Marietta v. Grams (1987), 40 Ohio App.3d 139,531 N.E.2d 1331.
[8] State v. Brooks (1996), 75 Ohio St.3d 148, 155; (1996), Ohio 134, citing New York v. Ferber (1982), 458 U.S. 747, 102 S.Ct. 3348.
[9] City of Cleveland v. Trzebuckowski (1999), 85 Ohio St.3d 524, 528,709 N.E.2d 1148, 1152, quoting Grayned v. City of Rockford (1972),408 U.S. 10, 114, 92 S.Ct. 2294, 2302.
[10] Planned Parenthood Association of Cincinnati, Inc. v. Project Jericho (1990), 52 Ohio St.3d 56; 556 N.E.2d 157, citing United States v. Grace (1983), 461 U.S. 171, 177, citing Perry Edn. Assn. v. Perry Local Educators' Assn. (1983), 460 U.S. 37, 45. See, also, Heffron v. Internatl. Soc. for Krishna Consciousness, Inc. (1981), 452 U.S. 640; Grayned v. City of Rockford (1972), 408 U.S. 104, 115; Adderley v. Florida (1966), 385 U.S. 39, 47-48, rehearing denied (1967),385 U.S. 1020.
[11] Planned Parenthood, supra, citing Heffron v. Internatl. Soc. for Krishna Consciousness, Inc. (1981), 452 U.S. 640.